```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

ARTURO RAMIREZ,                §
                               §
    Plaintiff,              §
                               §
v.                             §    CIVIL ACTION NO. H-10-4225
                               §
GEOVERA SPECIALTY              §
INSURANCE CO.,                 §
                               §
    Defendant.              §

## MEMORANDUM AND ORDER

Pending is Plaintiff Arturo Ramirez's Opposed Motion to Remand, or in the Alternative, Motion to Dismiss Without Prejudice (Document No. 7). After having considered the motion, response, and applicable law, the Court concludes that the motion should be denied.

Defendant GeoVera Specialty Insurance Co. ("GeoVera") has carried its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 & n.10 (5th Cir. 2002) (noting that a party can carry its burden to show propriety of removal "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount'" (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)) (emphasis in original)). Plaintiff

sent to GeoVera a notice letter wherein he demanded payment for GeoVera's alleged violations of the Texas Insurance Code in the amounts of: $47,562.33 in economic damages; $95,124.66 in consequential damages "including mental anguish"; and $35,520.25 for "expenses, including attorney's fees."[1] The demand totals $178,207.24, which well exceeds the $75,000 amount-in-controversy jurisdictional requirement. *See, e.g.*, Lewis v. State Farm Lloyds, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (considering complaint's requests for, among others, treble damages and attorney's fees under the Texas Insurance Code as part of amount in controversy in addition to $48,890.26 in property damage).

Plaintiff's only argument for remand is that he "hereby stipulates that the amount in controversy and the total amount of damages he is seeking is less than $75,000.00, excluding interest and costs."[2] However, Plaintiff's post-removal attempt to lower his damage request by means of this stipulation fails as a matter of law. *See* Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993) (finding that the plaintiff's attempt to reduce his demand after removal by stipulating to the amount of damages he sought did not defeat removal); *see also* Elizondo v. Pilgrim's Group, Inc., 100 F.3d 952, 1996 WL 625327, at *1, 4-5 (5th Cir. Oct. 1, 1996) (unpublished op.) (finding removal proper in personal injury case

---

[1] *See* Document No. 1, ex. A-2 at 2.

[2] Document No. 7 at 2.

where, although the plaintiff's petition contained no specific amount of damages and after removal she stipulated her damages were less than the jurisdictional amount, she sought damages for breach of contract, personal injury, attorney's fees, DTPA penalties, lost employment time, mental anguish, medical expenses, and punitive damages).

Plaintiff has made a one-line alternative request to "dismiss the case without prejudice," to which Defendant has not responded. Federal Rule of Civil Procedure 41 provides that "an action may be dismissed at the plaintiff's request only by court order" after an answer has been filed, as is the case here. FED. R. CIV. P. 41(a)(2). The Court will carry the alternative motion to dismiss without prejudice for fourteen (14) days, within which time Defendant shall respond to state whether the alternative motion is opposed. Accordingly, it is

ORDERED that Plaintiff Arturo Ramirez's Opposed Motion to Remand (Document No. 7) is DENIED, and the Alternative Motion to Dismiss Without Prejudice (Document No. 7b) is carried for 14 days to receive Defendant's response.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 10TH day of January, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE